**HONE LAW**
Jill Garcia, NV Bar No. 7805
jgarcia@hone.law
Kelly B. Stout, NV Bar No. 12105
kstout@hone.law
701 N. Green Valley Parkway, Suite 200
Henderson, NV 89074
Phone  702-608-3720
Fax     702-608-7814

*Attorneys for Defendant Christian Durante*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| HELEN MOJTEHEDI, an individual, | Case No. 2:23-cv-00402 |
| Plaintiff, | |
| v. | **DEFENDANT CHRISTIAN DURANTE NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1331 AND 1367** |
| CHRISTIAN DURANTE d/b/a and a/k/a DURANTE INSURANCE and FINANCIAL SERVICES also d/b/a and a/k/a DURANTE AGENCY; DOES 1 through 10 and ROE Corporations 11 through 20, | |
| Defendants. | |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA:**

PLEASE TAKE NOTICE that Defendant Christian Durante[1] ("Defendant"), by and through undersigned counsel, hereby files this Notice of Removal of Action ("Notice"), pursuant to 28 U.S.C. §§ 1331 and 1367, removing this case from the Eighth Judicial District Court of the State of Nevada, Case No. A-23-865137-C (the "State Court Action"), in which it is now pending, to the United States District Court for the District of Nevada. Federal question jurisdiction of this Court is invoked under 28 U.S.C. §1331 and supplemental jurisdiction over state law claims is invoked under 28 U.S.C. §1367.

/ / /

---

[1] Erroneously named Christian Durante d/b/a and a/k/a Durante Insurance and Financial Services also d/b/a and a/k/a Durant Agency.

1

**I.    State Court Action**

Plaintiff Helen Mojtehedi ("Plaintiff") filed the State Court Action against Defendant in the Eighth Judicial District Court of the State of Nevada, Case No. A-23-865137-C, on February 2, 2023. (*See* a true and correct copy of the Plaintiff's Complaint attached hereto as **Exhibit A**.) Plaintiff filed an Initial Appearance Fee Disclosure on February 2, 2023.  (*See* a true and correct copy attached hereto as **Exhibit B**.)  Plaintiff electronically issued a Summons for Defendant on February 2, 2023, (*see* a true and correct copy attached hereto as **Exhibit C**) and service was made on Defendant on February 13, 2023.   Plaintiff filed an Affidavit of Service on February 16, 2023. (*See* a true and correct copy attached hereto as **Exhibit D**.) Defendant filed his Notice of Appearance on March 9, 2023. (*See* a true and correct copy attached hereto as **Exhibit E**.)

The State Court Action generally alleges claims for discrimination, harassment, and retaliation, in violation of federal and state law. It also contains a number of tort claims under state law.

**II.    This Court Has Federal Question Jurisdiction Under 28 U.S.C. § 1331**

**A.  The State Court Action**

Plaintiff's Complaint contains seven causes of action all stemming from allegations related to alleged sex discrimination/harassment and retaliation. Plaintiff pursues relief under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e, *et seq.*, for alleged sex discrimination/harassment (claim one) and retaliation (claim two).  The remainder of Plaintiff's claims are asserted under tort common law.

**B.  Federal Question Jurisdiction**

The first and second claims in Plaintiff's Complaint are brought pursuant to Title VII, thereby presenting federal question jurisdiction under 28 U.S.C. § 1331.

**C.  Supplemental Jurisdiction**

Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over all other remaining related claims for relief contained in Plaintiff's Complaint because they are so related to Plaintiff's federal causes of action "that they form part of the same case or controversy under Article III of the United States Constitution."  State law claims fall within this Court's



supplemental jurisdiction when they share with the federal claims "a common nucleus of operative fact . . . such that [the plaintiff] would ordinarily be expected to try them all in one judicial proceeding." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966).

Here, Plaintiff also pursues relief via various state statutory claims, including for: (i) Sex Discrimination/Harassment (in conjunction with claim one); (ii) Retaliation (in conjunction with claim two); (iii) Negligent Hiring, Training, and Supervision; (iv) Intentional Infliction of Emotional Distress; (v) Negligent Infliction of Emotional Distress; (vi) Battery; (vii) Respondeat Superior. All of these claims relate to Plaintiff's employment with Defendant. These claims arise out of the same, common nucleus of operative facts. (*See generally*, **Exhibit A**.) Therefore, this Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

Further, there is no reason why this Court should not exercise supplemental jurisdiction over Plaintiff's state law claims. Plaintiff's state law claims neither raise novel or complex issues of state law nor predominate over the claims over which this Court has original jurisdiction, and there are no exceptional circumstances or other compelling reasons for this Court to decline supplemental jurisdiction. *See* 28 U.S.C. § 1367(c). Removal is, therefore, proper.

**III.    This Removal Is Timely**

Plaintiff served Defendant on February 13, 2023. (**Exhibit C**.) As this Notice is being filed on March 14, 2023, less than 30 calendar days after the Complaint was served on the Defendant, the removal is timely pursuant to 28 U.S.C. § 1446(b).

**IV.    Requirements For Removal**

Defendant has met all other requirements for removal as follows:

A. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.

B. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

C. Removal is proper pursuant to 28 U.S.C. § 1441.

D. Defendant attached to this Notice as **Exhibits A - E** copies of "all process, pleadings and orders" served upon it pursuant to 28 U.S.C. § 1446(a).

E.  Defendant also concurrently filed a copy of this Notice in the Eighth Judicial District Court for the State of Nevada.

F.  Defendant served a copy of this Notice upon Plaintiff's counsel.

G.  This Notice is executed pursuant to Federal Rule of Civil Procedure 11.

**V.   Conclusion**

For the foregoing reasons, removal of this action to this Court is proper.

Dated this 14th day of March 2023.

HONE LAW

*/s/Jill Garcia*
Jill Garcia, NV Bar No. 7805
jgarcia@hone.law
Kelly B. Stout, NV Bar No. 12105
kstout@hone.law
701 N. Green Valley Parkway, Suite 200
Henderson NV 89074

*Attorneys for Defendants Christian Durante*

**CERTIFICATE OF SERVICE**

The undersigned, an employee of Hone Law, hereby certifies that on the 14th day of March 2023, she electronically filed and served the foregoing with the Clerk of Court for the United States District Court for the District of Nevada using the CM/ECF system as well as by depositing a copy of the same in the U.S. Mail, postage prepaid to the following party:

Christian Gabroy
Kaine Messer
Gabroy Messer
170 South Green Valley Parkway, Suite 280
Henderson, NV 89012

Candice Ali, an employee of HONE LAW



4