UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| HELEN MOJTEHEDI, | Case No. 2:23-CV-402 JCM (DJA) |
|---|---|
| Plaintiff(s), | ORDER |
| v. | |
| CHRISTIAN DURANTE d/b/a and a/k/a DURANTE INSURANCE and FINANCIAL SERVICES also d/b/a and a/k/a DURANTE AGENCY, | |
| Defendant(s). | |

Presently before the court is defendant Christian Durante's motion to dismiss. (ECF No. 15). Plaintiff Helen Mojtehedi filed a response (ECF No.20), to which defendant replied (ECF No. 22).

**I.   Background**

This action arises out of alleged employment discrimination. As alleged in the complaint, plaintiff is one of defendant's former employees. She met defendant in 2016 when she was approximately 14 years old. (ECF No. 12 at 5). Plaintiff was translating for her father, who was purchasing insurance from defendant. (*Id.*) Defendant hired plaintiff, then a high school student, for the summer as a full-time customer service representative. (*Id.* at 6). Plaintiff quit a few months later to focus on her schooling. (*Id.*)

October 2020, defendant rehired plaintiff, who was then 18 years old. (*Id.*) Beginning in November of 2020, plaintiff claims defendant engaged in a pattern of harassment that included things like entering her office and offering her alcohol, suggestively commenting on her clothing, making sexual innuendos, and "jokingly" asking if plaintiff would consider engaging in

**James C. Mahan**
**U.S. District Judge**

1  prostitution.  (*Id.* at 6–11).  In addition to verbal harassment, plaintiff alleges at least two
2  instances of physical harassment consisting of unwanted touching.  (*Id.* at 8–9).  According to
3  plaintiff, defendant's sexually charged actions, left her no option other than to resign. (*Id.* at 11–
4  12).
5        Plaintiff later filed this suit in state court alleging seven causes of action under Title VII
6  of the Civil Rights Act and various tort theories.  (ECF No. 1-1).  Defendant timely removed to
7  this court.  (ECF No. 1).  Plaintiff later filed an amended complaint with this court (ECF No. 12),
8  which defendant now seeks to dismiss (ECF No. 15).

9  **II.     Legal Standard**

10        A court may dismiss a complaint for "failure to state a claim upon which relief can be
11  granted." Fed. R. Civ. P. 12(b)(6).  A properly pled complaint must provide "[a] short and plain
12  statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2); *Bell*
13  *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  While Rule 8 does not require detailed
14  factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of
15  the elements of a cause of action."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation
16  omitted).

17        "Factual allegations must be enough to rise above the speculative level."  *Twombly*, 550
18  U.S. at 555.  Thus, to survive a motion to dismiss, a complaint must contain sufficient factual
19  matter to "state a claim to relief that is plausible on its face."  *Iqbal*, 556 U.S. at 678 (citation
20  omitted).

21        In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply
22  when considering motions to dismiss.  First, the court must accept as true all well-pled factual
23  allegations in the complaint; however, legal conclusions are not entitled to the assumption of
24  truth.  *Id.* at 678–79.  Mere recitals of the elements of a cause of action, supported only by
25  conclusory statements, do not suffice.  *Id.* at 678.

26        Second, the court must consider whether the factual allegations in the complaint allege a
27  plausible claim for relief.  *Id.* at 679.  A claim is facially plausible when the plaintiff's complaint
28

**James C. Mahan**
**U.S. District Judge**

alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id.* (internal quotation marks omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court stated, in relevant part:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

If the court grants a Rule 12(b)(6) motion to dismiss, it should grant leave to amend unless the deficiencies cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). Under Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and absent "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments . . . undue prejudice to the opposing party . . . futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962). The court should grant leave to amend "even if no request to amend the pleading was made." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal quotation marks omitted).

### III.     Discussion

#### A. Administrative issues

Defendant moves to dismiss plaintiff's first and second causes of action for two reasons. First, defendant avers plaintiff had not exhausted administrative remedies because she had not received a right-to-sue letter from the EEOC at the time she filed the complaint. (ECF No. 15 at 5–6). According to defendant, plaintiff was barred from filing in this court unless the EEOC

James C. Mahan
U.S. District Judge

- 3 -

issued her a right-to-sue letter. (*Id.*) During the pendency of this motion, the EEOC issued plaintiff that letter, mooting this argument. (ECF No. 22 at 2).

Second, defendant maintains he is not an "employer" as defined by Title VII, therefore making the right-to-sue an inappropriate letter. (ECF No. 15 at 6). Title VII defines employer as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year." 42 U.S.C. § 2000e(b). Defendant provided documentation purporting to show he employed less than the required number of employees required by Title VII. (ECF No. 15 at Ex. B). Plaintiff's complaint, on the other hand, alleges that (1) defendant's website lists more than the requisite number of employees, and (2) government PPP loan websites indicate his business had at least 15 employees. (ECF No. 12 at ¶¶ 13-15).

There appears to be a genuine issue of fact as to the number of individuals defendant employs. Plaintiff correctly states the motion to dismiss phase is not the proper junction to weigh the credibility of well-plead allegations. For this reason, the court declines to dismiss the first and second causes of action insofar as they are brought under Title VII or the Nevada state law equivalent.

However, plaintiff also proports to bring her first and second cause of action under the authority of 13 C.F.R. §§ 112–113, *et seq.* Section 112's purpose is to effectuate the provisions of Title VII relating to race, color, or national origin on businesses that receive financial assistance from the Small Business Administration. *See* 13 C.F.R. § 112. Section 113 prohibits recipients of financial assistance from the Small Business Administration from discriminating based on race, color, religion, sex, marital status, handicap or national origin. *See* 13 C.F.R. § 113. Neither 13 C.F.R. § 112 nor § 113 provide a private cause of action.

Instead, any person who believes they have been discriminated against in a prohibited way may file a complaint with the Small Business Administration, which then investigates the allegation. 13 C.F.R. § 112.10(b)–(c); 13 C.F.R. § 113.6(b)–(c). There is no allegation that plaintiff has filed any such complaint, and, regardless, she has no authority to sue pursuant to

**James C. Mahan**
**U.S. District Judge**

- 4 -

these regulations even if she had. Therefore, plaintiff's first and second cause of action are dismissed insofar as they rely on 13 C.F.R. §§112–113, *et seq.*

B. *Tort claims*

Defendant next moves to dismiss plaintiff's third cause of action for negligent hiring, training, and supervision. (ECF No. 15 at 8-10). Defendant contends tort claims such as this are barred by the Nevada Industrial Insurance Act ("NIIA").

The NIIA provides exclusive remedies for injuries caused by negligence arising out of employment. Nev. Rev. Stat. 616A.020(1). Courts have regularly held that the NIAA specifically precludes claims of negligent hiring, training, and supervision. *See, e.g., Young v. Zappos.com, Inc.*, 2:08–cv–741 JCM (PAL), 2010 WL 1612140, at * 4–5 (D.Nev. Apr. 19, 2010) (citing *Wood v. Safeway*, 121 P.3d 1026 (Nev.2005)). Accordingly, the court finds that the NIIA bars plaintiff's negligent hiring allegation.

Defendant also moves to dismiss plaintiff's fourth and fifth causes of action for intentional infliction of emotional distress ("IIED") and negligent infliction of emotional distress (NIED), for the same reason—NIIA preemption. (ECF No. 15 at 9-10). However, these claims differ from the negligent hiring claim above.

In *Wood*, the Nevada Supreme Court stated sexual assault of an employee falls within the NIIA if the nature of the employment contributed to or otherwise increased the risk of assault. *Wood*, 121 P.3d. at 1034. However, the court also stated sexual assault is not within NIIA when "the animosity or dispute which culminates in the assault is imported into the place of employment from the injured employee's private or domestic life, ... at least where the animosity is not exacerbated by the employment." *Id.* (quotations omitted). Here, although plaintiff's injury occurred while at work, the personal relationship between plaintiff and defendant triggers the exception provided in *Wood*.

Plaintiff alleges, and defendant does not deny, that defendant made inappropriate comments and physical contact toward plaintiff. She claims that some of those comments referred to their relationship prior to the employer-employee relationship, thus importing dispute

James C. Mahan
U.S. District Judge

- 5 -

from their private lives into the place of employment. *See id;* (ECF No. 12 at 6). Accordingly, plaintiff's IIED and NIED claims are not preempted by NIIA.

In the alternative, defendant contends plaintiff's injury is insufficient to sustain her IIED and NIED claims. Defendant posits severe emotional trauma, lowered self-esteem, sleeplessness, irritability, stress, depression, and humiliation are insufficient to give rise to an IIED charge. (ECF No. 15 at 13). Although these allegations may eventually fail on the merits, plaintiff's claims are sufficiently pled to survive a motion to dismiss. The same reasoning allows for NIED to stand as well.

Defendant also argues the alleged conduct was not extreme or outrageous. (ECF. No 15 at 11). For conduct to be sufficient for IIED, it must "go beyond all possible bounds of decency, [be] atrocious and utterly intolerable." *Alam v. Reno Hilton Corp.*, 819 F. Supp. 905, 911 (D. Nev. 1993). Given the alleged extent of their relationship—namely, that defendant has known plaintiff since she was a minor and nevertheless engaged in this behavior—it is plausible that defendant's conduct was extreme or outrageous, going beyond all possible bounds of decency. Accordingly, neither plaintiff's IIED nor NIED causes of action will be dismissed.

Defendant next moves to dismiss plaintiff's sixth cause of action for battery on the ground that it is past the statute of limitations. Plaintiff alleges the battery occurred in December of 2020, placing the event outside of Nevada's two-year statute of limitations. (ECF No. 20 at 11); *see* Nev. Rev. Stat. 11.190(4)(c).

Plaintiff alleges in her response defendant became physical in December of 2020, but the physical contact continued after that date, and the claim should therefore not be dismissed. (ECF No. 20 at 11). That may be true, but there are no specific allegations in the complaint to support this claim. Cause of action six is thus dismissed without prejudice.

C. *Respondeat superior*

Defendant also moves to dismiss plaintiff's seventh cause of action for respondeat superior on the grounds that is not a separate cause of action. (ECF No. 15 at 15). Plaintiff does not oppose the argument that respondeat superior is not a cause of action but rather a theory of liability. (ECF No. 20 at 11).

**James C. Mahan**
**U.S. District Judge**

Defendant is correct. The doctrine of respondeat superior provides that employers are vicariously liable for the actions of their employees within the scope of employment. Respondeat superior is a theory of liability, not a cause of action. *See Mitschke v. Gosal Trucking, LDS., et al.,* 2:14–cv–1099 JCM (VCF), 2014 WL 5307950, at *2–3 (D.Nev. Oct. 16, 2014); *Fernandez v. Penske Truck Leasing Co., L.P.,* 2:12–cv–295 JCM (GWF), 2012 WL 1832571, at *1 n .1 (D.Nev. May 18, 2012).

Therefore, plaintiff's seventh cause of action for respondeat superior will be dismissed. This does not preclude plaintiff from arguing that the theory of respondeat superior applies to her other claims.

**IV.   Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant's motion to dismiss (ECF No. 15) be, and the same hereby is, GRANTED in part.  Plaintiff's third and seventh cause of action are DISMISSED with prejudice, and her sixth cause of action is DISMISSED without prejudice.

DATED June 9, 2023.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 7 -